UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Hall

    v.                                        Civil No. 08-cv-493-JL

William Albrecht

**REPORT AND RECOMMENDATION**

Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant, former Cheshire County Attorney William Albrecht, violated Hall's rights by illegally causing a deferred state prison sentence to be imposed. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In March of 1998, then Cheshire County Attorney William Albrecht sought to have a sentence of 3 ½ – 7 years in prison, which had previously been deferred, imposed on Kevin Hall. Albrecht's efforts were successful and the sentence was imposed.

In December of 2001, however, the Superior Court granted Hall's state petition for a writ of habeas corpus on the grounds that the imposed sentence was illegal, and released Hall from incarceration.  Hall now seeks to sue Albrecht for his actions in illegally having the deferred sentence imposed.

## Discussion

I.   Prosecutorial Immunity

"Prosecutors are immune from litigation for those activities closely related to the judicial phase of criminal proceedings for actions that are within the scope of their prosecutorial duties." Beck v. Plymouth County Super. Ct., 511 F. Supp. 2d 203, 206 (D. Mass. 2007) (citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976)).  Prosecutors maintain immunity from suit even where they can be shown to have acted in bad faith.  See Celia v. O'Malley, 918 F.2d 1017, 1019 (1st Cir. 1990) (refusing to recognize a "bad faith exception" to the scope of prosecutorial immunity as defined in Imbler).  Albrecht's decision to seek imposition of a particular sentence, even if the sentence is ultimately determined to be illegal, is shielded from legal challenge by prosecutorial immunity, and I recommend dismissal of this action on that basis.

II.  Statute of Limitations

Congress did not provide a statute of limitations for § 1983 actions, so federal courts must borrow the personal injury limitations period and tolling provisions of the forum state. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005). In New Hampshire, all personal actions, other than slander and libel, are governed by N.H. Rev. Stat. Ann. 508:4(I), which provides a three-year limitations period.  Hall alleges that his rights were violated by Albrecht in 1998, and that his cause became actionable in December of 2001, when the Superior Court declared the imposition of his deferred sentence to be illegal. The limitations period in this matter, accordingly, began to run, at the latest, in December of 2001, almost seven years before this suit was filed.  Because this suit was not filed within the three-year time limit available to commence this action, I recommend that it be dismissed as untimely.

## Conclusion

As I have found that the sole claim in this action seeks monetary relief against a defendant who is immune from such relief, and is untimely filed, I recommend dismissal of this

action.  See LR 4.3(d)(2)(A)(i).  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    April 24, 2009

cc:      Kevin Hall, pro se